

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00323-CR

Jeremiah Joe Anthony **VILLAREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR0405
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: April 2, 2025

AFFIRMED

Appellant Jeremiah Joe Anthony Villareal pled guilty to one count of murder. The trial court sentenced Villareal to forty years' confinement and imposed court costs and restitution in certain amounts. In one appellate issue, Villareal argues that the trial court erred by failing to inquire on the record about his ability to pay the imposed court costs and restitution. We overrule Villareal's sole issue and affirm the judgment of the trial court.

## BACKGROUND

On January 17, 2023, a grand jury indicted Villareal on one count of murder. Villareal pled guilty and elected to have punishment determined by the court. The trial court sentenced Villareal to forty years' confinement, assessed court costs of $390, and ordered Villareal to pay restitution in the amount of $8,802. The trial court did not impose a fine.

In one appellate issue, Villareal contends he is entitled to a new punishment hearing because the trial court failed to inquire on the record about his ability to pay court costs and restitution. In its brief, the State principally argues that Villareal failed to properly preserve this issue for our review.

## DEFENDANT'S ABILITY TO PAY

### Applicable Law and Analysis

Article 42.15(a-1) of the Texas Code of Criminal Procedure, commonly referred to as the "ability to pay statute," states, in relevant part:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. art. 42.15(a-1). The "on the record" language "was added by amendment effective September 1, 2021." *Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.); *see* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, eff. Sept. 1, 2021 (codified as TEX. CODE CRIM. PROC. art. 42.15(a-1)). The article further provides that if the trial court determines "the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs," then the trial court "shall determine whether the fine and costs should be . . . required to be paid at some later date or in a specified portion at designated intervals,"

"discharged by performing community service," "waived in full or in part," or "satisfied through any combination of methods [above]." TEX. CODE CRIM. PROC. art. 42.15(a-1) (1)-(4).

On the other hand, the ability to pay statute does not apply to the trial court's imposition of restitution, and there is no statutory requirement that the trial court inquire into a defendant's ability to pay restitution before ordering the same. *See id.* art. 42.037(k) ("The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and the defendant's dependents is on the defendant."). Accordingly, the trial court did not err by not inquiring on the record into Villareal's ability to pay restitution.

Addressing the issue of court costs, the record lacks any indication that the trial court inquired on the record into Villareal's ability to pay. This error on the part of the trial court, however, does not render Villareal automatically entitled to a new punishment hearing. Rather, because the record likewise does not contain any indication that Villareal preserved his complaint through the proper methods, we must determine whether Villareal was required to preserve this error for our review.

Error preservation is a fundamental tenant of our judicial system. *See Garcia v. State*, 663 S.W.3d 92, 97 (Tex. Crim. App. 2022) ("Preservation requirements ensure that the judicial system is not burdened by costly appeals and time-consuming retrials."). Error preservation is split into three categories: "(1) absolute requirements and prohibitions, (2) rights that must be implemented unless expressly waived, and (3) rights that are implemented upon request or else forfeited." *Cruz v. State*, 698 S.W.3d 265, 268 (Tex. Crim. App. 2024) (citation omitted); *see also Proenza v. State*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017) ("[T]he question of error preservation turns not upon the circumstances under which an error was raised, but upon the nature of the error itself.") (internal quotation and alterations marks omitted). Most rights fall within category three—i.e. they

are forfeitable—notwithstanding that the same rights "may be constitutionally guaranteed, necessary to ensure a fair and accurate trial, and/or lead to dismissal of charges[.]" *Cruz*, 698 S.W.3d at 268. In *Cruz*, the Texas Court of Criminal Appeals held that the ability-to-pay inquiry is not fundamental and, thus, forfeitable. *See id.*

Here, the record includes the oral pronouncement of Villareal's sentence, including the implementation of court costs. Although the record does not indicate the trial court inquired into Villareal's ability to satisfy this obligation, Villareal did not, as he concedes in his brief, object or otherwise challenge the trial court's failure to conduct the inquiry. Accordingly, Villareal failed to preserve this complaint for appellant review. *See id.*; *see also Ybarra v. State*, No. 04-22-00412-CR & 04-22-00413-CR, 2024 WL 3954219, at *2 (Tex. App.—San Antonio Aug. 28, 2024, no pet.) (holding "the trial court's failure to conduct an 'ability-to-pay' inquiry on the record is harmless because the statute plainly provides the required inquiry would take place 'during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court.'"). Accordingly, we overrule Villareal's sole issue.

## CONCLUSION

We overrule Villareal's sole issue and affirm the judgment of the trial court.

Lori I. Valenzuela, Justice

DO NOT PUBLISH